**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, | : |
|     PLAINTIFF, | : |
| | : CIVIL ACTION NO. 3:11cv574(VLB) |
| | : |
|     v. | : APRIL 20, 2012 |
| | : |
| VALDECIR R. MARTINEZ, | : |
| MARCELLO MARTINEZ | : |
| MARTA OLIVERA | : |
| JACQUELINE TANDAYAMO | : |
| NANCY TANDAYAMO AND | : |
| RICARDO TANDAYAMO, | : |
|     DEFENDANTS. | : |

<u>**MEMORANDUM OF DECISION GRANTING PLAINTIFF'S MOTION TO DISMISS THE**</u>
<u>**TANDAYAMO DEFENDANTS' COUNTERCLAIMS [DKT. #57].**</u>

This is a declaratory judgment action filed by the Plaintiff Allstate

Insurance Company's ("Allstate") pursuant to the Declaratory Judgment Act, 28

U.S.C. § 2201, and Fed. R. Civ. P. 57. *See* [Dkt. #1, Compl.]. This action seeks a

judgment declaring that a certain homeowners insurance policy issued by

Allstate extends no coverage for the claims asserted by the Defendants

Jacqueline Tandayamo, Nancy Tandayamo and Ricardo Tandayamo's (hereinafter

the "Tandayamo Defendants") against Marta Olivera, Valdecir Martinez and

Marcello Martinez (hereinafter the "Allstate Insureds") in a related case filed by

them in the Superior Court of the State of Connecticut.  Allstate also seeks

dismissal of the counterclaims filed in this action by the Tandayamo Defendants

pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 12(b)(1) pursuant to which

the Tandayamo Defendants conclusorily assert without factual content that the

Plaintiff's claim for declaratory judgment  fails to state a claim upon which relief can be granted, that it is barred  by waiver, estoppel, laches, collateral estoppel, res judicata , and the doctrine of unclean hands; and further, that this Court lacks jurisdiction as this action is barred by the Connecticut Direct Action Statute, Conn. Gen. Stat. §38a-321 and finally that this action violates the implied covenant of good faith and fair dealing, entitling them to attorney's fees and other costs.  For the reasons stated hereafter, Plaintiff's motion to dismiss the Tandayamo Defendants' counterclaims is GRANTED; and the Tandayamo Defendants' motion for attorney's fees, motion to amend their counterclaims and motion to dismiss the declaratory judgment action are DENIED.

### Background and Alleged Facts

Allstate issued a Deluxe Homeowners Policy to the Allstate Insureds. (hereinafter the "homeowner's policy," respectively) See [*Id.* at ¶11].  The homeowners' policy contains exclusions from coverage for injury arising out of the use of a motor vehicle and the negligent supervision by an insured person of another person.  [*Id.* at ¶¶ 15-16].

On March 9, 2009, the Tandayamo Defendants brought a lawsuit against the Allstate Insureds in Connecticut Superior Court seeking damages for injuries sustained by Jacqueline Tandayamo as a result of a motor vehicle accident which occurred on March 10, 2007 when she was a passenger in a motor vehicle operated by James Kristy, a minor, who they allege was under the influence of alcohol he consumed at a party hosted by Allstate's Insureds.  *See* [*Id.* at ¶23];

Docket No. FBT-CV09-5024305-S.  They further allege that a substantial factor in the motor vehicle accident was the negligent conduct of the Allstate Insureds, including their conduct in hosting a party at which alcoholic beverages were served to minors and their failure to properly supervise the party.  [*Id.* at ¶¶24-26, 29].

Allstate is presently defending the Allstate Insureds against the claims alleged in the Superior Court lawsuit, pursuant to a full and complete reservation of rights to challenge its contractual duty to defend and indemnify them.  [*Id.* at ¶32.  In this action, Allstate seeks a declaratory judgment that it has no obligation or duty to defend the Allstate Insureds under the homeowner's policy against any and all claims alleged in the Superior Court lawsuit and/or has no duty to indemnify the Allstate Insureds from anyone who may gain a judgment against them for any injuries or damages claimed in the Superior Court lawsuit. Allstate argues that the injuries and damages alleged in the lawsuit fall within the policy exclusions of coverage for injury or damages arising out of the use of a motor vehicle and/or negligent supervision.  [*Id.* at ¶¶33 and 38].

On September 16, 2011, the Tandayamo Defendants filed a counterclaim against Allstate in the instant action.  *See* [Dkt. #50, Tandayamo Defendants' Counterclaim].  In their counterclaim, the Tandayamo Defendants allege that "[u]nder the Connecticut direct action statute, Connecticut General Statutes §38a-321, the Tandayamo Defendants would had the right to pursue the plaintiff insurance company directly for payment after they had obtained a judgment against the other defendants to the plaintiff's Complaint in the pending state

court proceedings referenced in the plaintiff's Complaint because as tort victims they would have been 'subrogated to the rights of the defendants' against the insurer" and that "the plaintiff has actually chosen to join the Tandayamo defendants in the present suit as tort victims with an interest in this controversy, despite the fact that they have not yet obtained a judgment in the state court proceedings." [*Id.* at ¶¶15,18].

The Tandayamo Defendants also allege in their counterclaim that "Connecticut Practice Book §3-13 and Connecticut General Statutes §52-86 permit a creditor to appear and defend in the place of a defendant under appropriate circumstances were there rights may be affected" and that "[s]ince this defense [under Connecticut Practice Book §3-13 and Connecticut General Statutes §52-86] is being provided on behalf of said other defendants, and further since the plaintiff has a duty to defend such other defendants as insureds under the policy at issue in the plaintiff's Complaint in this case, the Tandayamo defendants seek to recover from the plaintiff their costs and attorney's fees to defend this action which invokes their contractual duty to defend, which includes an implied covenant of good faith and fair dealing." [*Id.* at ¶¶19-21].  Lastly, the Tandayamo Defendants allege that they seek "a declaratory judgment in their favor contrary to the relief sought by the plaintiff in this case, and further seek an award of damages for the costs and expenses, including but not limited to attorney's fees, incurred for the defense of this action which has been thrust upon them." [*Id.* at ¶21].

**Legal Standard**

The standards of review for a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction and under 12(b)(6) for failure to state a claim are "substantively identical." *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 128 (2d. Cir. 2003). However, on a motion to dismiss under Rule 12(b)(1), the party invoking the Court's jurisdiction bears the burden of proof to demonstrate that subject matter jurisdiction exists, whereas the movant bears the burden of proof on a motion to dismiss under Rule 12(b)(6). *Id.* In deciding both types of motions, the Court "must accept all factual allegations in the complaint as true, and draw inferences from those allegations in the light most favorable to the plaintiff." *In re AIG Advisor Group Sec. Litig.*, 309 Fed. App'x. 495, 497 (2d Cir. 2009). "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted). While Rule 8 does not require detailed factual allegations, "[a] pleading that offers 'labels and conclusions' or 'formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The Court's review on a motion to dismiss pursuant to Rule 12(b)(6) is generally limited to "the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007).  In addition, the Court may also consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993).  In deciding a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), however, the Court "may resolve disputed factual issues by reference to evidence outside the pleadings, including affidavits." *State Employees Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 77 n.4 (2d Cir. 2007).

<u>Analysis</u>

Since the Tandayamo Defendants' counterclaim consists of vague allegations and legal arguments, it is not clear what individual claims the Tandayamo Defendants are making against Allstate.  Allstate has reasonably construed the Tandayamo Defendants' counterclaim to include a claim under the Connecticut Direct Action Statute, a common law claim for breach of the covenant of good faith and fair dealing, a claim under Conn. Gen. Stat 52-86 and CT practice Book 3-13, a request for declaratory judgment and a request for attorney's fees and costs.  The Tandayamo Defendants appear to argue that a declaratory judgment action is premature and improper because the Tandayamo Defendants have not obtained a judgment against the Allstate Insureds and thus

6

have not become subrogated to their interests and have not asserted a claim directly against Allstate.  These arguments are unavailing.

### i.    The Tandayamo Defendants' counterclaim for declaratory judgment is redundant and subsumed by Allstate's claim for declaratory

The Tandayamo Defendants repeatedly contend in their memorandum of law in opposition to Allstate's motion to dismiss that they should be "allowed to participate fully and completely the same as they would have been able to participate if discretion to address the competing requests for declaratory judgment were denied."  See [Dkt. #72, Tandayamo Defs. Mem. at  13-15].  It appears that the Tandayamo Defendants are under the misimpression that if the Court dismisses their counterclaim for declaratory judgment that the Court will not entertain their argument that the homeowners policy's exclusions for injuries arising out of the use of any motor vehicle and negligent supervision are not applicable to the Tandayamo's claims asserted in the Superior Court lawsuit against the Allstate Insureds.  However, since Allstate has properly joined the Tandayamo Defendants in their declaratory judgment action they will have an opportunity to oppose Allstate's request for declaratory judgment and advocate that the Court find that Allstate has the obligation to defend and/or indemnify under the homeowners policy.  *See e.g., Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273-74 (1941) (holding that injured party possessed a justiciable case or controversy against insurer); *Twin City Fire Ins. Co. v. Innovative Aftermarket Sys., L.P.*, 597 F. Supp. 2d 295, 298-99 (D. Conn. 2009) (noting that in an action in which an insurer seeks a declaration that it will not be liable to indemnify an insured person for any damages the injured person may recover

7

against the insured that although "the injured person may not sue or the injured person may not obtain a judgment against the insured," there is "sufficient controversy between the insurer and the injured person that a declaratory judgment is permissible") (citing 10B C. Wright, A. Miller & M. Kane, Federal Practice & Procedure §2757, at 476 (3d ed. 1998)); *Acceptance Ins. Co. v. Home Medical of America, Inc.*, No. 04Civ.9338WHP, 2005 WL 3471780 at *4 (S.D.N.Y. Dec. 20, 2005) (noting that some courts "have refused to enter a default judgment against a defaulting insured in declaratory judgment actions such as this where the injured parties have appeared" and instead have "enter[ed] a default against the insured under Fed. R. Civ. P. 55(a) and allow[ed] the insurer and the appearing injured party defendants to litigate the case to a judgment on the merits.") (collecting cases).

Consequently, the Tandayamo Defendants' counterclaim seeking their own declaratory judgment regarding the homeowners policy's coverage is redundant as the Tandayamo Defendants will be afforded the opportunity to have the Court hear their arguments as to Allstate's obligations under the homeowner's policy in connection with Allstate's claim for declaratory judgment.   "When a counterclaim is merely the 'mirror image' of an opposing party's claim and the counterclaim serves no independent purpose, the counterclaim may be dismissed." *Five Star Dev. Resort Communities LLC v. iStar RC Paradise Valley LLC*, No.09Civ.2085(LTS), 2012 WL 1003557, at *5 (S.D.N.Y. March 26, 2012) (citing *Arista Records LLC v. Usenet.com, Inc.*, No.07CIV.8822, 2008 WL 4974823, at *3 (S.D.N.Y. Nov. 24, 2008)); *Philadelphia Indem. Ins. Co. v. Peck*,

No.3:06CV0375(AWT), 2007 WL 2815047, at *2-3 (D. Conn. Sept. 26, 2007) (dismissing the injured party's counterclaim for declaratory judgment since the factual allegations in such counterclaim were subsumed by the insurer claim for declaratory judgment).  Here, the Tandayamo Defendants' counterclaim for declaratory judgment is really a mirror image of Allstate's claim for declaratory judgment and therefore the Tandayamo's counterclaim seeking its own declaratory judgment is redundant and subsumed by Allstate's claim. Accordingly, the Court grants Allstate's motion to dismiss the Tandayamo Defendants' counterclaim for declaratory judgment.

The Court reminds the parties that the merits of a declaratory judgment action may be properly asserted by the parties in a motion for summary judgment.  See *Middlesex Ins. Co v. Mara*, 699 F.Supp2d 439, 444 (D. Conn. 2010). If Allstate files a motion for summary judgment pursuant to Fed. R. Civ. P. 56 seeking declaratory judgment, the Tandayamo Defendants may oppose Allstate's motion for summary judgment.  In addition, the Tandayamo Defendants may also, pursuant to Fed. R Civ. P. 56, file their own cross-motion for summary judgment seeking the Court to hold that Allstate has a duty to defend and/or indemnify under the policy.  *See U.S. Underwrites Ins. Co. v. Roka LLC*, No.99Civ.10136(AGS), 2000 WL 1473607 (S.D.N.Y. 2000) (denying insurer's motion for summary judgment seeking declaratory judgment that it did not have the obligation to defend and indemnify insured and granting insured's cross-motion for summary judgment holding that insurer had the duty to continue to defend and indemnify insured).

ii.   **The Tandayamo Defendants lack standing to bring a claim under Connecticut's Direct Action Statute**

It is unclear from the Tandayamo Defendants' memorandum in opposition to Allstate's motion to dismiss if they are bringing a claim against Allstate under Connecticut's Direct Action Statute.  The Tandayamo Defendants only refer to Connecticut's Direct Action statute in connection with their argument that the Court lacks jurisdiction to entertain Allstate's declaratory judgment action in the first place.  However to the extent that the Tandayamo Defendants are asserting a claim under Connecticut's Direct Action statute against Allstate, they lack standing to pursue such a claim because they have not obtained a final judgment against the insured.

Under Connecticut's Direct Action statute, injured parties may have a direct cause of action against the responsible party's insurer under set circumstances.  "Connecticut's Direct Action Statute dictates that once a final judgment is rendered against an insured for loss or damage covered by an insurance policy and the judgment remains unsatisfied for more than 30 days, the injured party is subrogated to the rights of the insured defendant and may proceed with an action against the insurer to the same extent that the defendant could have enforced his claim against that insurer." *Tucker v. American Intern. Group, Inc.*, 745 F.Supp.2d 53, 58-59 (D. Conn. 2010) (citing Conn. Gen. Stat. § 38a-321).

"The Connecticut Supreme Court set forth three requisites of a cause of action under this statute: '(1) *that the plaintiff has recovered a final judgment;* (2)

that the judgment is against a person who was insured by the defendant against liability on it; and (3) that the judgment remains unsatisfied.'" *Id.* (quoting *Skut v. Hartford Accident & Indemnity Co.*, 142 Conn. 388, 393 (1955) (emphasis added)). "Connecticut courts have thus consistently held that the recovery of a final judgment is a necessary prerequisite to a cause of action under Section 39a-321" and "[t]he Connecticut Direct Statute has been interpreted as not only enumerating the elements of a cause of action, but also providing the basis upon which standing is conferred." *Id.* at 59 (internal quotation marks and citations omitted). Here since the Tandayamo Defendants allege that a final judgment has not been rendered they lack standing to pursue a claim under Connecticut's Direct Action Statute. Accordingly, the Court grants Allstate's motion to dismiss the Tandayamo Defendants' counterclaim under Connecticut's Direct Action Statute.

### iii. *The Tandayamo Defendants have failed to plausibly state a common law claim for breach of the covenant of good faith and fair dealing*

It is unclear from the Tandayamo Defendants' memorandum in opposition to Allstate's motion to dismiss if they are bringing a common law claim for beach of the covenant of good faith and fair dealing against Allstate. In their memorandum in opposition to Allstate's motion to dismiss, the Tandayamo Defendants only discuss the covenant of good faith and fair dealing in connection with their argument that they are entitled to attorney's fees and costs pursuant to the Connecticut Supreme Court's decision in *ACMAT Corp. v. Greater New York Mut. Ins. Co.*, 282 Conn. 576, 932 (2007). To the extent the Tandayamo Defendant are seeking to assert a separate common law claim for breach of the

covenant of good faith and fair dealing, they have failed to state a claim to relief that is plausible on its face as they have not alleged that they have a contractual relationship with Allstate.

"[T]he existence of a *contract between the parties* is a necessary antecedent to any claim of breach of the duty of good faith and fair dealing." *Macomber v. Travelers Property & Casualty Corp.*, 261 Conn. 620, 638 (2002) (emphasis added); *Martin v. Dupont Flooring System, Inc.*, No.Civ.A.301CV2189 (SRU), 2004 WL 726903 at *6 (D. Conn. Mar. 31, 2004) ("In order to make out a claim of breach of an implied covenant of good faith and fair dealing, a plaintiff must prove the existence of a contract between plaintiff and defendant."); *Chieffo v. Yannielli*, No.CV000159940, 2001 WL 950286, at *2 (Conn.Super. Ct., July 10, 2001) ("No Connecticut court has extended the implied covenant of fair dealing and good faith to parties who have not entered into a contractual relationship ... Furthermore, [a]n insurance company does not have a duty to settle fairly with third-party claimants.").  Since the Tandayamo Defendants have not alleged the existence of a contract between themselves and Allstate, they have failed to state a claim to relief that is plausible on its face.  Accordingly, the Court grants Allstate's motion to dismiss the Tandayamo Defendants' counterclaim for breach of the covenant of good faith and fair dealing.

> iv.  *The Tandayamo Defendants erroneously assert that they are defending the declaratory judgment action pursuant to Conn. Gen. Stat. § 52-86 and Connecticut Practice Book 3-13*

The Tandayamo Defendants reference Conn. Gen. Stat. § 52-86 and Connecticut Practice Book 3-13 in their counterclaim in connection with their

request for attorney's fees.  The Tandayamo Defendants appear to allege in their counterclaim that they are entitled to attorney's fees because pursuant to Conn. Gen. Stat. § 52-86 and Connecticut Practice Book 3-13 they are creditors of the Allstate Insureds and therefore they are appearing for and defending the declaratory judgment action in the name of the Allstate Insureds.  *See* [Dkt. #50, Counterclaim at ¶¶19-21].

Connecticut General Statutes § 52-86 provides, in relevant part:

> In any action in which property has been attached, any person may appear and defend in the name of the defendant if: (1) He files in the court an affidavit (A) that he is a creditor of the defendant, (B) that he has good reason to believe, and does believe, that the amount which the plaintiff claims was not justly due at the commencement of the action, and (C) that he is in danger of being defrauded by a recovery by the plaintiff; and (2) he gives bond with surety to the plaintiff, in such amount as the court approves, for the payment of such costs as the plaintiff may thereafter recover.

Conn. Gen. Stat. §52-86.  Connecticut Practice Book 3-13 tracks the language of Section 52-86. The Court is bewildered by the Tandayamo Defendants' invocation of Conn. Gen. Stat. § 52-86 and Connecticut Practice Book 3-13 in their counterclaim.

The Tandayamo Defendants do not explain how Conn. Gen. Stat. § 52-86 or the Rules of Practice of the Superior Court codified in the Connecticut Practice Book at 3-13 are in anyway relevant to Allstate's federal declaratory judgment action or even the Tandayamo's underlying Superior Court lawsuit.  Moreover, as no judgment has been rendered by the Superior Court in the related case, the Tandayamo Defendants have failed to allege much less establish that they are a creditor of either Allstate or its insureds.  As Allstate points out, there has been

no property attached in either the instant action or the underlying Superior Court lawsuit as required under Conn. Gen. Stat. § 52-86 and Connecticut Practice Book 3-13.

Moreover, as discussed above the Tandayamo Defendants as an allegedly injured party are properly joined as defendants in Allstate's declaratory judgment action as there is sufficient controversy between the insurer and the injured person that a declaratory judgment is permissible.  Therefore, contrary to the Tandayamo Defendants' assertion in their counterclaim, they are not providing a defense for the Allstate Insureds. Instead, they have been named as parties to this action because their rights may be affected by the Court's decision in this case.

The Tandayamo Defendants' have failed to establish that Conn. Gen. Stat. § 52-86 and Connecticut Practice Book 3-13 are relevant to the instant action.  The Court therefore need not address Allstate's argument that the Tandayamo Defendants have failed to plausibly state a claim under Conn. Gen. Stat. § 52-86 and Connecticut Practice Book 3-13 because they do not allege that their property has been attached by Allstate.

   *v.*   ***Attorney Fee Request***

The Tandayamo Defendants argue that they are entitled to an award of attorney's fee for opposing Allstate's declaratory judgment action on the basis of the Connecticut Supreme Court's decision in *ACMAT Corp. v. Greater New York Mut. Ins. Co.*, 282 Conn. 576, 932 (2007).   In *ACMAT*, the Connecticut Supreme Court addressed "whether [it] should adopt a common-law exception to the

American rule that would allow an award of attorney's fees to a policyholder that has prevailed against its insurance company in a declaratory judgment action, despite the absence of bad faith by the insurer." *Id.* at 583.  The Connecticut Supreme Court explained that "[t]he general rule of law known as the American rule is that attorney's fees and ordinary expenses and burdens of litigation are not allowed to the successful party absent a contractual or statutory exception.... This rule is generally followed throughout the country.... Connecticut adheres to the American rule.... There are few exceptions.  For example, a specific contractual term may provide for the recovery of attorney's fees and costs ... or a statute may confer such rights.... This court also has recognized a bad faith exception to the American rule, which permits a court to award attorney's fees to the prevailing party on the basis of bad faith conduct of the other party or the other party's attorney." *Id.* at 582 (internal quotation marks and citations omitted) (alterations in original).

The Connecticut Supreme Court declined to adopt an exception to the American rule that would allow an award of attorney's fee to a policyholder in a declaratory judgment action absent a demonstration of bad faith by the insurer and therefore adhered to Connecticut's use of the American rule and its already recognized exception for bad faith conduct.  The *ACMAT* Court explained that "even without an authorizing contractual or statutory provision, a trial court may award attorney's fees to a policyholder that has prevailed in a declaratory judgment action against its insurance company only if the policyholder can prove that the insurer has engaged in bad faith conduct prior to or in the course of the

litigation." *Id.* The Connecticut Supreme Court in *ACMAT* therefore unequivocally held that a request for attorney's fee in the context of an insurer's declaratory judgment action should not be treated in any different manner than any request for attorney's fee under Connecticut law.

The Tandayamo Defendants may only seek an award of attorney's fee consistent with the American rule and its exception for bad faith conduct under Connecticut law. The Tandayamo Defendants will only be entitled to an award of attorney's fees should they prevail in the declaratory judgment action and are able to demonstrate that Allstate or Allstate's counsel engaged in bad faith. The Connecticut Supreme Court has explained that

> '[t]o ensure ... that fear of an award of attorneys' fees against them will not deter persons with colorable claims from pursuing those claims, we have declined to uphold awards under the bad-faith exception absent both clear evidence that the challenged actions are entirely without color and [are taken] for reasons of harassment or delay or for other improper purposes ... and a high degree of specificity in the factual findings of [the] lower courts.... Whether a claim is colorable, for purposes of the bad-faith exception, is a matter of whether a reasonable attorney could have concluded that facts supporting the claim might be established, not whether such facts had been established.... To determine whether the bad faith exception applies, the court must assess whether there has been substantive bad faith as exhibited by, for example, a party's use of oppressive tactics or its willful violations of court orders; [t]he appropriate focus for the court ... is the conduct of the party in instigating or maintaining the litigation.'

*Id.* at 593 (quoting M*aris v. McGrath*, 269 Conn. 834, 845-46(2004)). In addition, the Connecticut Supreme Court held that "[a]s applied to a party, rather than to his attorney, a claim is colorable, for purposes of the bad faith exception to the American rule, if a reasonable person, given his or her firsthand knowledge of the underlying matter, could have concluded that the facts supporting the claim

might have been established." *Maris*, 269 Conn. at 847 (2004) (internal quotation marks and citation omitted).  This standard "focuses on the party's firsthand knowledge of the facts and whether, given that knowledge, the party reasonably could have concluded that his or her claim might be established ... [as well as] the capacity of the party for truthfully or untruthfully recounting those facts, as well as the capacity for honest mistakes, recollections and disagreements over those facts." *Id.*

Considering that the Tandaymo Defendants' Superior Court complaint alleges that the Allstate Insureds engaged in negligent conduct when they "failed to properly supervise the party and/or the individuals in attendance when they knew alcoholic beverage were consumed" and alleged that Jacqueline Tandayamo was injured in a motor vehicle accident, it appears reasonable at this early stage of the proceedings to conclude the homeowners policy's exclusions for injuries arising out of the use of a motor vehicle and for negligent supervision may preclude coverage and thus Allstate would have neither the duty to defend or to indemnity their insureds.  Thus the Tandayamo Defendants have failed to plausibly plead that Allstate acted in bad faith in filing this declaratory judgment action. *See* [Dkt. #1 Compl. Ex. B].  Accordingly, the Court grants Allstate's motion to dismiss the Tandaymo Defendants' counterclaim for attorney's fees at this time without prejudice to re-filing in the event the Tandayamo Defendants prevail in the declaratory judgment action and  further, they assert facts entitling them to attorney's fees under Connecticut law.

Further to the extent that the Tandayamo Defendants are attempting to assert a counterclaim that Allstate's declaratory judgment action is vexatious litigation, they may not do so.  First, they do not assert facts which plausibly allege a vexatious litigation claim.  Second, even if they did sufficiently plead such a claim, "a claim for vexatious litigation cannot be maintained 'as a counterclaim in the very suit that the defendant claims is vexatious.'" *Kaltman-Glasel v. Dooley*, 156 F.Supp.2d 225, 226 (D. Conn. 2001) (quoting *Equality, Inc. v. I-Link Communications*, 76 F.Supp.2d 227, 229 (1999)).

### vi.   The Court has jurisdiction and exercises its discretion to entertain the instant action

The Tandayamo Defendants argue that Allstate has no standing bring the instant action and that the Court does not have jurisdiction to adjudicate the instant action on the basis of Connecticut statute and procedure.  The Tandayamo Defendants are mistaken.  Allstate brings the instant action pursuant Federal Rule of Civil Procedure 57 and the Declaratory Judgment Act ("DJA") which provides that "[i]n a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration...." 28 U.S.C. §2201.  In addition the DJA "permits declaratory relief only in cases presenting 'actual controvers[ies],' ... a requirement that incorporates into the statute the case or controversy limitation on federal jurisdiction found in Article III of the Constitution" and "[f]or a court to have subject matter jurisdiction over a declaratory judgment action, there must be 'a substantial controversy, between parties having adverse legal interests, of

sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Niagara Mohawk Power Corp. v. Tonawanda Band of Seneca Indians*, 94 F.3d 747, 752 (2d Cir. 1996) (internal quotation marks and citations omitted). Since the DJA "is procedural in nature, under the *Erie* doctrine, it governs actions for declaratory judgments in diversity suits in federal court" and therefore Allstate's declaratory judgment action is not governed by Connecticut law as the Tandayamo Defendants mistakenly contend. *Pierce v. Emigrant Mortg. Co.*, No.Civ.A.304cv1767JCH, 2005 WL 2406007, at *4 n.3 (D. Conn. Sept. 29, 2005) (citing *Haagen-Dazs Shoppe Co. v. Born*, 897 F.Supp. 122, 126 n.2 (S.D.N.Y. 1996) (collecting cases)).  Accordingly, the Tandayamo Defendants' reliance on Conn. Gen. Stat. §52-29 and Connecticut Practice Book §§17-54,17-55 is not applicable to the instant action.

The Tandayamo Defendants suggest that the Court should decline its discretion to entertain Allstate's declaratory judgment action since other relief is available or another adequate remedy exists such as relief under Connecticut's Direct Action Statute.  However, under Federal Rule of Civil Procedure 57, "[t]he existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate."  Fed. R. Civ. P. 57; *see also Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Matroni*, 754 F.Supp. 269, 272 (D. Conn. 1990) (finding that even if Connecticut's Direct Action Statute provided Plaintiff Insurer with another adequate remedy, "it would not preclude a declaratory judgment in this case" under Rule 57); *Pateley Assocs. I, LLC v. Pitney Bowes, Inc.*, 704 F.Supp.2d 140, 152 (D. Conn. 2010)("Because Rule 57 does not preclude declaratory relief

simply because alternative remedies exist, and Plaintiffs allege that actual controversies exist as to future response costs that could give rise to a 'multiplicity of actions,' Defendant's motion to dismiss Count Eight is denied.").

The Tandayamo Defendants also suggest that Allstate has no standing and this Court has no jurisdiction because a judgment has not been rendered in the underlying Superior Court suit.  However, "[i]t has long been well-established… that a liability insurer may bring an action for a declaratory judgment against the parties in an underlying lawsuit involving its insured without waiting for the underlying action to proceed to judgment."  *Empire Fire & Marine Ins. Co., v. Elrac, Inc.*, No.04Civ.10315(GEL), 2006 WL 3734308, at *2 (S.D.N.Y. Dec. 18, 2006); *Travelers Ins. Co. v. Monpere*, 1997 WL 9792, at *3n.9 (W.D.N.Y. Jan. 2, 1997) (citing cases); *World Wrestling Entertainment, Inc. v. Ramos*, No.3:10-cv-1399(CFD), 2011 WL 3837088, at *3 (D. Conn Aug. 30, 2011) ("In general, federal courts have held that declaratory judgments are appropriate means to determine indemnification obligations even before any underlying liability has been established.  This question arises most frequently in cases regarding insurance coverage.").

As the Second Circuit acknowledged "[t]hat the liability may be contingent does not necessarily defeat jurisdiction of a declaratory judgment action ... Indeed, litigation over insurance coverage has become the paradigm for asserting jurisdiction despite future contingencies that will determine whether a controversy ever actually becomes real."  *Assoc. Indem. Corp. v. Fairchild Indus.*, 961 F.2d 32, 35 (2d Cir. 1992) (citations omitted).  "'The respective interests and

obligations of insured and insurers, when disputed, require determination much in advance of judgment since they will designate the bearer of ultimate liability in the underlying cases and hence the bearer of the onus and risks of settlement.'" *Empire Fire*, 2006 WL 3734308, at *3 (quoting *ACandS v. Aetna Cas. And Sur. Co.*, 666 F.2d 819, 823 (3d Cir. 1981)).  As another court in this District has remarked "[i]n the paradigmatic insurance case, the court may issue a declaratory judgment on the insurer's indemnification obligations despite not yet knowing whether the insured may ultimately be found liable for damages."  *World Wrestling*, 2011 WL 3837088, at *3.  Therefore, the fact that the underlying Superior Court suit is still pending will not defeat the Court's jurisdiction to entertain Allstate's action for declaratory judgment or Allstate's standing to bring a declaratory judgment.

    Although the Court undoubtedly has jurisdiction to entertain Allstate's declaratory judgment action, the Supreme Court has held that the DJA "created an opportunity rather than a duty, to grant a new form of relief," *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995) and therefore district courts have "unique and substantial discretion in deciding whether to declare the rights of litigants." *Id.* at 285.  The Second Circuit has explained further that courts have interpreted the express language of the DJA "as a broad grant of discretion to district courts to refuse to exercise jurisdiction over a declaratory action that they would otherwise be empowered to hear."  *Dow Jones & Co., Inc. v. Harrods Ltd.*, 346 F.3d 357, 359 (2d Cir. 2003).  The Second Circuit has instructed that courts should consider the following five factors to guide the exercise of such discretion under the DJA: "(1)

whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved; (2) whether a judgment would finalize the controversy and offer relief from uncertainty; (3) whether the proposed remedy is being used merely for procedural fencing or a race to res judicata; (4) whether the use of a declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a state or foreign court; and (5) whether there is a better or more effective remedy." *Kemper Independence Ins. Co. v. Tarzia*, 3:11-cv-00294(JCH), 2011 WL 4345048, at *2 (D. Conn. Sept. 15, 2011) (citing *Dow Jones*, 346 F.3d at 359-60).   Applying these factors, the Tandayamo Defendants' cannot prevail.

Here, a declaratory judgment from this Court would undeniably "serve a useful purpose in clarifying or settling" Allstate's obligation to defend or indemnify Marta Olivera, Valdecir Martinez and Marcello Martinez in the underlying Superior Court suit and thus provide the Allstate Insureds as well as the Tandayamo Defendants with "relief from uncertainty" during the pendency of the underlying Superior Court suit.  Indeed, courts in this Circuit routinely find that declaratory judgments with respect to an insurer's duty to defend and indemnify serve such a useful purpose and provide relief from uncertainty.  *See e.g., Kemper*, 2011 WL 4345048, at *3 ("Under *Dow Jones,* a declaratory judgment from this court would undoubtedly "serve a useful purpose in clarifying or settling" Kemper's obligation to defend the Tarzias, and provide both Kemper and the Tarzias with "relief from uncertainty" during the pendency of the Whitfield suit."); *World Wrestling*, 2011 WL 3837088, at *3 (holding that declaratory

judgment on the insurer's indemnification obligations "serves a useful purpose in clarifying or settling the legal issues involved, because after the declaratory judgment, the insured knows out of whose pocket—his or his insurer's—any damages and costs of defense will be paid."); *Middlesex*, 699 F.Supp.2d at 444 ("In the instant case, there is a clearly defined controversy between the parties as to whether the plaintiff insurer must defend Mara in the underlying action. Middlesex is currently defending Mara under a reservation of rights, basically under protest.  Declaratory judgment would thus provide the parties with specific, conclusive relief in resolving whether Middlesex has a duty to defend."); *Mount Vernon Fire Ins. Co. v. Linarte*, No.3:09-cv-00442(VLB), 2010 WL 908939, at *3 (D. Conn. March 8, 2010) (denying defendant's motion to dismiss action seeking declaratory judgment that insurer had no obligation to indemnify insured in connection with several stipulated judgments as "there is no doubt that this action will serve a useful purpose by clarifying and settling issues relating to the extent of Mount Vernon's obligations to the Defendants. Similarly, resolution of Mount Vernon's declaratory judgment action would finalize the pending dispute between the parties and cease uncertainty regarding the payment of the stipulated judgments.); *see also U.S. Underwriters Ins. Co. v. Kum Gang, Inc.,* 443 F.Supp.2d 348, 353 (E.D.N.Y. 2006) (concluding that "[w]hen a determination of the duty to defend can be made and thus clarify the insurer's obligations in the underlying tort action, the DJA is properly invoked" and  holding that "the questions of whether there is a duty to defend in the underlying action as well as whether or not the insurers are liable or have issued valid disclaimers are ripe for

adjudication.   It is therefore proper to consider the coverage provided by the policies, whether the insurer is required to defend an action, and other questions regarding the rights and duties of the insurer and the insured in the ongoing suit.").  Here, where Allstate plausibly asserts that it has no duty to defend its insureds, it would be manifestly unjust to decline to rule on the declaratory judgment action, thereby forcing Allstate to incur the expense of defense it may have no legal duty to incur.

In addition, the Court sees no reasons why entertaining Allstate's declaratory judgment would improperly encroach on the domain of a state court nor why a declaratory judgment from this Court would result in a race to res judicata particularly in light of the fact that Allstate is not a party to the underlying Superior Court action and the coverage issue is not before the Superior Court. Indeed, courts in this Circuit have "repeatedly declined to dismiss DJA actions over insurance liability when the insurer is not party to the underlying state suit." *Kemper*, 2011 WL 4345048, at *2; *Peerless Ins. Co. v. Disla*, 999 F.Supp. 261, 263 (D. Conn. 1998) (declining to exercise the court's discretion to stay or dismiss insurer's declaratory judgment action because of the pendency of an earlier filed state court action where insurer is not a party to the state court proceeding and where "state suit involves the liability of multiple parties for the personal injuries" and "does not involve the insurance coverage issue presented in this declaratory judgment action.  This is not a situation where the insurance coverage issue would better be decided in the state court action; it is not even an issue in that proceeding."); *Middlesex*, 699 F.Supp.2d at 444 ("[T]he issue of coverage under

the homeowner's policy may not be properly litigated in the underlying action because [the insurer] is not a named party in that suit.").   Here as was the case in *Peerless* and *Middlesex*, Allstate is not a party to the Superior Court case which solely involves the liability of Allstate's insureds and does not involve the insurance coverage issue presented in the instant action.   Therefore the Court sees no reason to abstain from entertaining Allstate's action as the issue of insurance coverage asserted is not present in the underlying Superior Court action.

Although the Tandayamo Defendants inexplicitly suggest there are adequate alternative remedies under Connecticut's Direct Action Statute, the Court is not persuaded.   While such a remedy may be advantageous to the Tandayamo Defendants by obviating their need to defend against a declaratory judgment action, such a defense is merely ancillary to the personal injury action which the Tandayamo Defendants brought in the Superior Court.   Moreover, the Tandayamo Defendants fail to persuade the Court that such a course would be better or equally advantageous to Allstate.   Clearly they cannot for the reasons stated above.   The Direct Action Statute merely allows the Tandayamo Defendants to sue Allstate directly if they obtain a judgment against Allstate's Insureds in the underlying Superior Court suit.   As noted above, the availability of alternative remedies does not preclude the Court from entertaining a declaratory judgment that is otherwise appropriate under Federal Rule of Procedure 57.   The Direct Action Statute does not shield Allstate from undue prejudice as it does not

permit Allstate to challenge and obviate the need to incur the expense of a defense it did not contractually undertake to provide.

Here, considering the uncertainty of whether the Allstate Insureds will have to pay their  own defense costs and any judgment which may be entered in the underlying suit, a declaratory judgment from this Court would provide the most efficient and effective means to settle the legal issues involved and resolve such uncertainties.  Consequently, application of the *Dow Jones* factors counsel in favor of the Court exercising its jurisdiction to entertain Allstate's action for declaratory judgment.

### vii.    *The Tandayamo Defendants' Request to Amend their Counterclaim*

At the end of the Tandayamo Defendants' opposition to Allstate's motion to dismiss, they request the Court to allow them the right to replead their counterclaims in the event the Court grants Allstate's motion to dismiss.  The Tandayamo Defendants  fail to state the factual or legal basis for granting such a motion.  Further, it does not appear that amendment would not be prejudicial to Allstate or futile.   Accordingly, the Court does not grant leave to the Tandayamo Defendants to replead their counterclaims.   The Court once again reminds the Tandayamo Defendants that they will have the opportunity to present their arguments as to Allstate's duty to defend and indemnify on summary judgment.

### Conclusion

Based upon the above reasoning, Plaintiff's [Dkt. #57] motion to dismiss the Tandayamo Defendants' counterclaims is GRANTED.

**IT IS SO ORDERED.**


_____/s/_____
**Hon. Vanessa L. Bryant**
**United States District Judge**


**Dated at Hartford, Connecticut: April 20, 2012**