## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

ALLSTATE INSURANCE COMPANY,     :
    PLAINTIFF,            :
                           : CIVIL ACTION NO. 3:11cv574(VLB)
                           :
    v.                      :
                           :
VALDECIR R. MARTINEZ,       : DECEMBER 10, 2012
MARCELLO MARTINEZ        :
MARTA OLIVERA           :
JACQUELINE TANDAYAMO    :
NANCY TANDAYAMO AND      :
RICARDO TANDAYAMO,       :
    DEFENDANTS.           :

## MEMORANDUM OF DECISION GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. #83]

This is a declaratory judgment action filed by the Plaintiff Allstate Insurance Company's ("Allstate") pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, and Fed. R. Civ. P. 57.  Before the Court is Allstate's motion for summary judgment which seeks a judgment declaring that a certain homeowners insurance policy issued by Allstate extends no coverage for the claims asserted by the Defendants Jacqueline Tandayamo, Nancy Tandayamo and Ricardo Tandayamo's (hereinafter the "Tandayamo Defendants") against Marta Olivera, Valdecir Martinez and Marcello Martinez (hereinafter the "Allstate Insureds") in a related case filed by them in the Superior Court of the State of Connecticut.  For the reasons stated hereafter, Allstate's motion for summary judgment is granted and the Court finds that Allstate has no duty to defend or indemnify Marta Olivera, Valdecir Martinez or Marcello Martinez in the state court action brought by the Tandayamo Defendants.

Background

Allstate filed its complaint seeking declaratory judgment on April 12, 2011. [Dkt. #1].   On November 7, 2011, Allstate moved to dismiss the counterclaims filed by the Tandayamo Defendants.  [Dkt. #57].  In response, the Tandayamo Defendants moved to amend their counterclaims, moved for attorney fees and moved to dismiss Allstate's action for declaratory judgment.   The Court granted Allstate's motion to dismiss and denied the Tandayamo Defendant's motion to amend, motion for attorney fees and motion to dismiss Allstate's action.  [Dkt. #78].

On May 31, 2012, Allstate moved for summary judgment.   To date, Defendants have failed to respond to Allstate's motion.   As a result of Defendants' failure to file a response, the Court deems the assertions made in Allstate's Local Rule 56(a)(1) statement as true and admitted.  *LeSane v. Hall's Security Analyst, Inc.*, 239 F.3d 206, 210-211 (2d Cir. 2001) (holding where plaintiff had failed to respond to summary judgment motion, the Court should deem the assertions made in defendant's Rule 56 statement as admitted and then rule on the merits of the summary judgment motion.); *U.S. v. Cirami*, 535 F.2d 736, 739 (2d Cir. 1976).

Facts

Allstate's 56(a)(1) statement which the Court deems admitted, sets forth the following relevant facts.  This declaratory judgment action arises out of an underlying personal injury lawsuit brought by Jacqueline Tandayamo, Ricardo

Tandayamo and Nancy Tandayamo arising out of a motor vehicle accident involving Jacqueline Tandayamo. [Dkt. #84, Local Rule 56(a) Statement, ¶1]. Jacqueline Tandayamo, Ricardo Tandayamo and Nancy Tandayamo brought suit against Valdecir Martinez, Marcello Martinez and Marta Olivera by way of a complaint dated March 9, 2009. *Id.*

The complaint alleges the following facts. On or about March 10, 2007 at approximately 11:36 p.m. Jacqueline Tandayamo was a passenger in an automobile driven by James Kristy. *Id.* at ¶2. Shortly before the accident, Kristy had been a guest at a party hosted by Valdecir Martinez, Marcello Martinez and Marta Olivera at their residence located at 530 Golden Rod Avenue in Bridgeport Connecticut (hereinafter, the "Premises"). *Id.* at ¶5. The Complaint further alleges that Kristy consumed alcoholic beverages on the Premises The Complaint the party. *Id.* at ¶4

The Complaint alleges that Kristy failed to traverse a curve in the road, causing his motor vehicle to go over the shoulder of the road, across the front lawn of a home, pass between a utility pole and support cable, on to another front lawn where it went over a large rock and an evergreen shrub before crashing into a tree thereby causing the plaintiff, Jacqueline Tandayamo to sustain and suffer the injuries and losses. *Id.* at ¶6. Tandayamo alleges that the crash and her resultant injuries and losses were caused by the Kristy's negligence and notes that he was a minor at the time of his alcohol consumption and accident. *Id.* at ¶7.

Critically, the complaint alleges that a substantial factor in causing the crash and the plaintiff Jacqueline Tandayamo's injuries, was the negligent conduct of Valdecir Martinez, Marcello Martinez and Marta Olivera in one or more of the following ways, whereby they (a) hosted, or allowed a minor in their care, supervision and/or control to host, a party at which alcoholic beverages were served; (b) allowed a party on the premises over which they retained control where they knew, or should have known, that alcoholic beverages were being served and/or that minors were in attendance; (c) failed to provide adequate adult supervision and/or protection for said party and/or for the individuals who were in attendance at said party; (d) failed to properly supervise the party and/or the individuals in attendance when they knew alcoholic beverages were being consumed; (e) allowed individuals they knew or should have known were minor children to consume alcoholic beverages on the premises over which they retained control; (f) allowed alcoholic beverages to be consumed at the premises over which they retained control by individuals who were known to be or should have been known to be intoxicated; (g) failed to notify the Kristy's parents of his intoxicated state; (h) failed to warn Kristy and others of the dangers of driving while intoxicated; (i) failed to confiscate Kristy's car keys to prevent him from driving while intoxicated state; and/or (j) allowed the min to drive when they knew, or should have known of the dangers of driving. *Id.* at ¶8

Allstate issued to Marta Olivera and Valdecir Martin a/k/a Valdecir Martinez, as named insureds, Deluxe Homeowners Policy No. 9 19 541224 04/05, insuring the Premises from April 5, 2006 to April 5, 2007 (hereinafter referred to herein as

the "homeowners policy" or "the policy"). *Id.* at ¶12.  The homeowner's policy
included family liability protection with a coverage limit of $300,000 each
occurrence.  *Id.* at ¶13.

Respecting Coverage X, the homeowners policy, under Section II - Family
Liability and Guest Medical Protection, contains the following provision:

> *Coverage X*
> *Family Liability Protection*
>
> *Losses We Cover Under Coverage X:*
> Subject to the terms, conditions and limitations of this policy,
> Allstate will pay damages which an insured person becomes legally
> obligated to pay because of bodily injury or property damage arising
> from an occurrence to which this policy applies, and is covered by
> this part of the policy.
>
> We may investigate or settle any claim or suit for covered damages
> against an insured person. If an insured person is sued for these
> damages, we will provide a defense with counsel of our choice, even
> if the allegations are groundless, false or fraudulent. We are not
> obligated to pay any claim or judgment after we have exhausted our
> limit of liability.

*Id.* at ¶14.

The homeowner's policy also includes under Section II - Family Liability
and Guest Medical Protection the following exclusion:

> *Losses We Do Not Cover Under*
> *Coverage X:*
>
> 5. We do not cover bodily injury or property damage arising out of
> the ownership, maintenance, use, occupancy, renting, loaning,
> entrusting, loading or unloading of any motor vehicle or trailer.
> However, this exclusion does not apply to:
> (a) a motor vehicle in dead storage or used exclusively on an insured
> premises;

5

**(b) any motor vehicle designed principally for recreational use off public roads, unless that vehicle is owned by an insured person and is being used away from an insured premises;**
**(c) a motorized wheel chair;**
**(d) a vehicle used to service an insured premises which is not designed for use on public roads and not subject to motor vehicle registration;**
**(e) a golf cart owned by an insured person when used for golfing purposes;**
**(f) a trailer of the boat, camper, home or utility type unless it is being towed or carried by a motorized land vehicle;**
**(g) lawn and garden implements under 40 horsepower;**
**(h) bodily injury to a residence employee.**

*Id.* at ¶15.

In addition, the homeowner's policy, under Section II - Family Liability and

Guest Medical Protection, contains the following exclusion:

> ***Losses We Do Not Cover Under***
> ***Coverage X:***
> **7. We do not cover bodily injury or property damage arising out of:**
> **a) the negligent supervision by an insured person of any person; or**
> **b) any liability statutorily imposed on any insured person arising from the ownership, maintenance, use, occupancy, renting, loaning, entrusting, loading or unloading of any aircraft, watercraft, motor vehicle or trailer which is not covered under Section II of this policy.**

*Id.* at ¶16.

The homeowner's policy, under Section II - Family Liability and Guest

Medical Protection, contains the following exclusion, as amended by Policy

Endorsement AP730-1:  In Section II, Family Liability and Guest Medical

Protection, under Losses We Do Not Cover Under Coverage X, Exclusion 1 is

replaced by the following:

> **We do not cover bodily injury or property damage intended by, or which may reasonably be expected to result from the intentional or criminal acts of the insured person. This exclusion applies even if:**

**a) such bodily injury or property damage is of a different kind or degree than that intended or reasonably expected; or**
**b) such bodily injury or property damage is sustained by a different person than intended or reasonably expected.**

**This exclusion applies regardless of whether or not the insured person is actually charged with, or convicted of, a crime. This exclusion does not apply with respect to the interest of an insured person not participating in these acts.**

*Id.* **at ¶17.**

The homeowner's policy, under Section II - Family Liability and Guest

Medical Protection, contains the following provision:

*Coverage Y*
*Guest Medical Protection*
*Losses We Cover Under Coverage Y:*

**Allstate will pay the reasonable expenses incurred for necessary medical, surgical, x-ray and dental services; ambulance, hospital, licensed nursing and funeral services; and prosthetic devices, eye glasses, hearing aids, and pharmaceuticals. These expenses must be incurred and the services performed within three years from the date of an occurrence causing bodily injury to which this policy applies, and is covered by this part of the policy.**

**Each person who sustains bodily injury is entitled to this protection when that person is:**
**1. on the insured premises with the permission of an insured person; or**
**2. off the insured premises, if the bodily injury:**
**a) arises out of a condition on the insured premises or immediately adjoining ways;**
**b) is caused by the activities of an insured person or a residence employee;**
**c) is caused by an animal owned by or in the care of an insured person; or**
**d) is sustained by a residence employee.**

*Id.* **at ¶18.**

Respecting Coverage Y, the homeowner's policy, under Section II – Family

Liability and Guest Medical Protection, also contains the following exclusion:

> ***Losses We Do Not Cover Under***
> ***Coverage Y:***
>
> **(5) We do not cover bodily injury arising out of the ownership, maintenance, use, occupancy, renting, loaning, entrusting, loading or unloading of any motor vehicle or trailer. However, this exclusion does not apply to:**
> **a) a motor vehicle in dead storage or used exclusively on an insured premises;**
> **b) any motor vehicle designed principally for recreational use off public roads, unless that vehicle is owned by an insured person and is being used away from an insured premises;**
> **c) a motorized wheel chair;**
> **d) a vehicle used to service an insured premises which is not designed for use on public roads and not subject to motor vehicle registration;**
> **e) a golf cart owned by an insured person when used for golfing purposes;**
> **f) a trailer of the boat, camper, home or utility type unless it is being towed or carried by a motorized land vehicle;**
> **g) lawn and garden implements under 40 horsepower;**
> **h) bodily injury to a residence employee.**

*Id.* at ¶20.

The homeowner's policy, under Section II, Family Liability and Guest

Medical Protection contains the following exclusion, as amended by Policy

Endorsement AP730-1: In Section II, Family Liability and Guest Medical

Protection, under Losses We Do Not Cover Under Coverage Y, Exclusion 1 is

replaced by the following:

> **1. We do not cover bodily injury intended by, or which may reasonably be expected to result from the intentional or criminal acts of the insured person. This exclusion applies even if:**
> **a) such bodily injury is of a different kind or degree than that intended or reasonably expected; or**

b) such bodily injury is sustained by a different person than intended or reasonably expected.

This exclusion applies regardless of whether or not the insured person is actually charged with, or convicted of, a crime. This exclusion does not apply with respect to the interest of an insured person not participating in these acts.

*Id.* at ¶¶22-23.

## Legal Standard

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Fed.R.Civ.P. 56(a). The moving party bears the burden of proving that no factual issues exist. *Vivenzio v. City of Syracuse,* 611 F.3d 98, 106 (2d Cir.2010). "In determining whether that burden has been met, the court is required to resolve all ambiguities and credit all factual inferences that could be drawn in favor of the party against whom summary judgment is sought." *Id.,* (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)). "If there is any evidence in the record that could reasonably support a jury's verdict for the nonmoving party, summary judgment must be denied." *Am. Home Assurance Co. v. Hapag Lloyd Container Linie, GmbH,* 446 F.3d 313, 315–16 (2d Cir.2006) (internal quotation marks and citation omitted).

"A party opposing summary judgment cannot defeat the motion by relying on the allegations in his pleading, or on conclusory statements, or on mere assertions that affidavits supporting the motion are not credible. At the summary

judgment stage of the proceeding, Plaintiffs are required to present admissible evidence in support of their allegations; allegations alone, without evidence to back them up, are not sufficient." *Welch–Rubin v. Sandals Corp.,* No.3:03cv481, 2004 WL 2472280, at *1 (D.Conn. Oct. 20, 2004) (internal quotation marks and citations omitted); *Martinez v. State of Connecticut*, No. 3:09cv1341 (VLB), 2011 WL 4396704 at *6 (D. Conn. Sept. 21, 2011.  Where there is no evidence upon which a jury could properly proceed to find a verdict for the party producing it and upon whom the onus of proof is imposed, such as where the evidence offered consists of conclusory assertions without further support in the record, summary judgment may lie. *Fincher v. Depository Trust and Clearance Co.*, 604 F.3d 712 (2d Cir. 2010).

### Analysis

"Connecticut law has made clear that '[t]here is no question that a declaratory judgment action is a suitable vehicle to test the rights and liabilities under an insurance policy.'"  *Vermont Mut. Ins. Co. v. Ciccone*, No.3:09-cv-445 (CSH), 2012 WL 5199688, at *3 (D.Conn. Oct. 22, 2012) (quoting *St. Paul Fire & Marine Ins. Co. v. Shernow,* 22 Conn.App. 377, 380 (1990)).  In addition, "Connecticut courts have specifically held that summary judgment is an appropriate vehicle by which to determine whether an insurer owes an insured a duty to defend on the basis of an insurance policy, on the rationale that the '[c]onstruction of a contract of insurance presents a question of law for the court.'"  *Id.* at 4 (quoting *Hansen v. Ohio Cas. Ins. Co.,* 239 Conn. 537, 543, 687 A.2d 1262 (1996)).

"Connecticut applies the general rules of contract interpretation to insurance policies, and enforces them in accordance with the parties' intent, as derived from the plain and ordinary meaning of the policy's terms." *Vermont*, 2012 WL 5199688, at *6 (internal quotation marks and citations omitted).  "It is well settled that 'exclusions from insurance policy coverage are given strict construction.  Any ambiguous words or phrases in an insurance policy are construed strictly against the insurance company and in favor of coverage.  The test of coverage is not what the insurer intended to cover but what a reasonable person in the position of the insured would understand to be covered." *Colony Ins. Co. v. Jack A. Halprin, Inc.*, No.3:10-cv-1059(CSH), 2012 WL 2859085, at *8 (D. Conn. July 11, 2012) (internal quotation marks and citations omitted).

Under Connecticut law, "[a] contract of insurance must be viewed in its entirety, and the intent of the parties for entering it derived from the four corners of the policy giving the words of the policy their natural and ordinary meaning and construing any ambiguity in the terms in favor of the insured." *Hartford Cas. Ins. Co. v. Litchfield Mut. Fire Ins. Co.,* 274 Conn. 457, 463 (2005) (quotation marks, alterations, and citation omitted).   The Connecticut Supreme Court has explained that "[i]n construing the duty to defend as expressed in an insurance policy, '[t]he obligation of the insurer to defend does not depend on whether the injured party will successfully maintain a cause of action against the insured but on whether he has, in his complaint, stated facts which bring the injury within the coverage.  If the latter situation prevails, the policy requires the insurer to defend, irrespective of the insured's ultimate liability . . . It necessarily follows that the

insurer's duty to defend is measured by the allegations of the complaint . . .
Hence, if the complaint sets forth a cause of action within the coverage of the
policy, the insurer must defend.'" *Id.* (quoting *Board of Ed. v. St. Paul Fire &
Marine Ins. Co.*, 261 Conn. 32, 40-41 (2002)).  Therefore, "[i]f an allegation of the
complaint falls even *possibly* within the coverage, then the insurance company
must defend the insured."  *Id.* (internal quotation marks and citation omitted,
emphasis in original).  The "question of whether an insurer has a duty to defend
its insured is purely a question of law, which is to be determined by comparing
the allegations [in the underlying] complaint with the terms of the insurance
policy," *Cmty. Action for Greater Middlesex County, Inc. v. American Alliance Ins.
Co.,* 254 Conn. 387, 395, 757 A.2d 1074 (2000).  It "is axiomatic that no insurer is
bound to provide indemnification or defense beyond the scope of the coverage
described in the insurance contract, the policy." *St. Paul Fire,* 22 Conn.App. at
380–81  (citation omitted).

The duty to defend is considerably broader than the duty to indemnify
*DaCruz v. State Farm Fire and Cas. Co.,* 268 Conn. 675, 687 (2004)).  "In contrast
to the duty to defend, the duty to indemnify is narrower: while the duty to defend
depends only on the allegations made against the insured, the duty to indemnify
depends upon the facts established at trial and the theory under which judgment
is actually entered in the case. Thus, the duty to defend is triggered whenever a
complaint alleges facts that *potentially* could fall within the scope of coverage,
whereas the duty to indemnify arises only if the evidence adduced at trial
establishes that the conduct *actually* was covered by the policy.  Because the

duty to defend is significantly broader than the duty to indemnify, where there is no duty to defend, there is no duty to indemnify."  *Id.* at 688 (internal quotation marks and citations omitted) (emphasis in the original).

Allstate argues that it has no duty to defend and therefore no duty to indemnify Valdecir Martinez, Marcello Martinez and Marta Olivera in the underlying lawsuit because the homeowner's policy excludes coverage for injury and damages arising out of the use of any motor vehicle.   Here, the underlying action seeks damages for bodily injuries resulting from a motor vehicle accident which fall squarely within the policy's exclusion.  The Connecticut Supreme Court has held that "for liability for an accident or an injury to be said to "arise out of" the "use" of an automobile for the purpose of determining coverage under the appropriate provisions of a liability insurance policy, it is sufficient to show only that the accident or injury "was connected with," "had its origins in," "grew out of," "flowed from," or "was incident to" the use of the automobile, in order to meet the requirement that there be a causal relationship between the accident or injury and the use of the automobile."  *Hogle v. Hogle*, 167 Conn. 572, 577 (1975). Here the relevant terms of the policy clearly and unambiguously exclude from coverage any liability arising out of the use of any motor vehicle.  Because all of the Tandayamo Defendants' claims against the Allstate Insureds arise out of the use of Kristy's motor-vehicle and there is clearly a causal relationship between the motor-vehicle accident and Jacqueline Tandayamo's injuries, the Court concludes that the Allstate has no duty to defend or indemnify the Allstate Insureds in the underlying action.

Allstate argues in the alternative that even if the motor vehicle exclusion was not applicable, there would be no duty to defend or indemnify on the basis of several other exclusions including notably the unambiguous and relevant exclusion for negligent supervision.  While it appears these other exclusions would also apply, the Court need not address them as it is clear that there is no duty to defend and therefore no duty to indemnify on the basis of the unambiguous motor-vehicle exclusion.

Allstate has also filed a motion for default judgment against Valdecir Martinez, Marcello Martinez, and Marta Olivera who failed to file a responsive pleading or otherwise defend this action.  [Dkt. #82].  "[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability...." *Greyhound Exhibitgroup, Inc. v. E.L. U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir.1992).  For the same reasons as discussed above, the Court finds that the policy does not provide coverage and therefore grants Allstate's motion for default judgment.

<u>Conclusion</u>

Based upon the above reasoning, Allstate's [Dkt. #83] motion for summary judgment is GRANTED .  The Court finds that Allstate has no duty to defend or indemnify the Allstate Insureds against the claims by the Tandayamo Defendants in the underlying action.  Allstate's [Dkt. #82] motion for default judgment is also GRANTED for these same reasons.  The Clerk is directed to enter judgment in favor of Allstate and close this case.

**IT IS SO ORDERED.**


**_____/s/_____**
**Hon. Vanessa L. Bryant**
**United States District Judge**


**Dated at Hartford, Connecticut: December 10, 2012**